IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANLEY J. CATERBONE,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-5683** |
| | : | |
| **LANCASTER CITY POLICE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
|     **Defendants.** | : | |

### MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                           **JANUARY 19, 2022**

Stanley J. Caterbone, a frequent *pro se* litigator in this Court,[1] filed a new case on December 25, 2021 naming as Defendants the Lancaster City Police Department ("LCPD"); Barry Handwerger, the solicitor for LCPD; the Lancaster Court of Common Pleas; Judge Donald Totaro; Mark Wilson, Director of Lancaster County Adult Probation; James Reeder, an Assistant District Attorney; Lancaster County Detectives; Judge Craig Stedman; Judge Myles Bixler, and the Lancaster County Sheriffs Office. Caterbone then filed an Amended Complaint (ECF No. 7 (the "AC")) on January 9, 2022, which serves as the operative pleading in the case.[2] He seeks

---

[1] Since 2005, Caterbone has filed at least 26 civil cases and habeas petitions *pro se* in this Court.

[2] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"). Nonetheless, because Caterbone may not have understood the

leave to proceed *in forma pauperis* (ECF No. 1) and has moved for a preliminary injunction (ECF No. 3) and for summary judgment (ECF No. 10).  For the reasons that follow, the motion to proceed *in forma pauperis* will be granted, the AC will be dismissed, and the motion for preliminary injunction will be denied.

I.    **FACTUAL ALLEGATIONS**

Caterbone asserts in his AC that on January 7, 2022 he found a business card of Benjamin Walton, an investigator with the Pennsylvania Attorney General's Office, containing a note asking Caterbone to call him.  (ECF No. 7 at 1.)  He tried to call Walton several times, but there was no answer.  (*Id.*)  Walton repeatedly called Caterbone and allegedly left messages to return the call.  (*Id.*)  Caterbone asserts there was no legitimate reason for such contact and that he has suffered over 33 false arrests since 1987.  (*Id.*)  He contends that Walton, who is not a named Defendant, engaged in harassment and public corruption.  (*Id.*)  Caterbone, who describes himself as a federal whistleblower (*id.* at 2), asserts that Walton's attempt to contact him is "another attempt to undo all of [his] pending civil litigation by implementing both another fabricated probation violation and ultimately installing a guardianship or consvetorship [sic] to dismiss the myriad of civil complaints" Caterbone has filed.[3]  (*Id.* (capitalization in original omitted).)

What follows in the AC is a list of 38 "Counts" alleging state law claims and federal claims under RICO, the False Claims Act and other statutes (*id.* at 6-7), an alphabetical list of

---

implication of filing an amended complaint, the Court will briefly summarize the facts he alleged in the original Complaint.

[3] A review of this Court's dockets shows that Caterbone has no open civil cases other than this case and has been unsuccessful in each of his prior civil actions, either because they were deemed frivolous, failed to state claims upon which relief may be granted, or because Caterbone failed to comply with a court order, leading to a dismissal for failure to prosecute.  Thus, it is unclear which civil complaints Walton was attempting to "undo" or have dismissed.

definitions of common law terms (*id.* at 8-12), a seemingly random list of legalisms such as "federal sovereign immunity," "COINTELPRO," and "the Legal Prohibition Against Torture" (*id.* at 13), a description of an alleged assassination of a person named Fred Hampton (*id.* at 16-18), and a "Brief in Support of Preliminary Emergency Injunction for Relief." (*Id.* at 19-23.) The balance of Caterbone's 191-page pleading alleges a vast, international conspiracy against him and his family and ancestors dating from 1904 by COINTELPRO individuals and agencies that led to him being charged with crimes and sentenced in the Lancaster County Court of Common Pleas.[4] (*Id.* at 24-164.) Among other things, he seeks dismissal of all criminal charges lodged against him since 1987, condemnations of various real properties in Pennsylvania and New Jersey, and millions of dollars in compensation.[5] (*Id.* at 165-66.)

## II.  STANDARD OF REVIEW

Caterbone will be granted leave to proceed *in forma pauperis* because he appears to be unable to afford to pay the filing fee for this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks

---

[4] A review of publicly available records shows that Caterbone has been arrested numerous times in Lancaster County. Of recent note, in 2017, he was found guilty by a jury on charges of stalking, reckless endangerment and assault and received a 5-year probationary sentence. *Commonwealth v. Caterbone*, CP-36-CR-0006520-2017 (C.P. Lancaster). In 2019, he was convicted on stalking charges before Defendant Judge Donald Totaro and sentenced to 23-months (time served) followed by a 3-year term of probation. *Commonwealth v. Caterbone*, CP-36-CR-0000921-2019 (C.P. Lancaster). Most recently, he was found guilty of harassment before Defendant Judge Miles Bixler in Magistrate Court, but has moved for trial *de novo* in Common Pleas Court. *Commonwealth v. Caterbone*, CP-36-MD-0000900-2021 (C.P. Lancaster).

[5] The factual allegations in Caterbone's original Complaint are equally difficult to comprehend. He asserts that due to the "actions and criminal activity" of the named Defendants, he has been "subject to undo influence; harassment; torture; obstruction; etc. thus resulting in irreparable harm and injury. . . . [I]t is also widely reported that many Targeted Individuals and Victims of U.S. Sponsored Mind Control are lead [sic] to death and/or suicide. The Lancaster Community-At-Large is guilty of creating; abetting; fostering; and executing this tragedy. The fact that local; state; and federal law enforcement induce and encourage this environment of hate is landmark." (ECF No. 2 at 5.) He makes no specific allegation against any named Defendant.

no

Case 5:21-cv-05683-JLS Document 11 Filed 01/19/22 Page 4 of 7

an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Caterbone is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

As readily seen by the summation of Caterbone's allegations, this case lacks an arguable basis either in law or in fact and is frivolous. While Caterbone named numerous Defendants in his original Complaint, he failed to allege how any one of them acted to cause him a legally cognizable injury.[6] Thus, even if he had not filed a superseding AC, the original Complaint would have been dismissed. The frivolity of Caterbone's claims is even more clear from his AC. He again alleges no facts involving any named Defendant, only alleging actions by a non-defendant who called him and left a business card at Caterbone's home. Even if Caterbone had intended to name Walton as a defendant in the AC, these allegations do not create a plausible civil rights violation. *See Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) ) ("[I]solated

---

[6] The Court will not list all the myriad legal defects in Caterbone's claims, but notes here some of the defects in any constitutional claims he raises under 42 U.S.C. § 1983. Judges Tortaro, Stedman and Bixler, apparently named because they presided over Caterbone's criminal cases, are entitled to absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)  The LCPD, as a subunit of a municipal government is not a proper § 1983 defendant, to the extent Caterbone seeks to raise a civil rights violation. *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). The Lancaster Court of Common Pleas, as part of the Commonwealth's unified judiciary, is entitled to absolute immunity under the Eleventh Amendment. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). ADA Reeder, to the extent named because of his actions prosecuting criminal charges against Caterbone in the Court of Common Pleas, is also entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, his False Claims Act count is frivolous because one may only assert such a claim where there is a misrepresentation concerning goods or services provided to the Government. *See Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 157 (3d Cir. 2014).

events that adversely affect individuals are not presumed to be a violation of the equal protection clause"). Nor do his assertions plausibly allege any other "Count" listed in conclusory terms only in his AC. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (stating that conclusory allegation are insufficient to allege plausible claims). His allegations about Walton trying to "undo" Caterbone's civil cases is also frivolous since he has no active cases in this Court (save for the present one dismissed in the order that follows), and has never been a prevailing party in any civil case he has filed here.[7] Finally, assertions about a vast, international conspiracy against him and his family and ancestors dating from 1904 by COINTELPRO individuals and agencies that led to him being charged with crimes and sentenced in the Lancaster County Court of Common Pleas are also patently frivolous. *See Caterbone v. Lancaster Cty. Ct. of Common Pleas*, Civ. A. No. 21-1437, ECF No. 9 (E.D. Pa. May 28, 2021) (describing these allegations as "delusional"); *Caterbone v. Nat'l Sec. Agency*, Civ. A. No. 17-867, 2017 WL 1150643, at *5 (E.D. Pa. Mar. 28, 2017) (describing allegations as "delusional scenarios").

The Court hastens to add that Caterbone's pattern of litigation activity in this Court indicates he fails to understand that the filing of nonsensical pleadings waste scarce judicial resources. Not only does Caterbone initiate frivolous cases, often without paying filing fees or moving for *in forma pauperis* status, and often without a handwritten signature as required by Fed. R. Civ. P. 11, his cases are often dismissed for failure to prosecute when he ignores orders directing him to pay filing fees or seek *in forma pauperis* status, or otherwise fails to comply with the Federal Rules of Civil Procedure. *See e.g., In re Caterbone*, Civ. A. No. 21-2334, ECF No. 4 (E.D. Pa. July 12, 2021) (dismissed for failure to prosecute); *Caterbone v. Lancaster Cty.*

---

[7] The Court notes also that, to the extent Caterbone seeks as relief the dismissal of all criminal charges lodged against him since 1987, that claim seeks habeas corpus relief and may not be granted in a civil action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*Ct. of Common Pleas*, Civ. A. No. 21-1437, ECF No. 9 (dismissing § 2241 habeas petition alleging "his conviction is due to retaliation for his role as a government whistleblower, that it is being used against him as a form of psychological torture, and that the courts are involved in an ongoing Counter-Intelligence Program ("COINTEPRO") against him. These types of delusional and frivolous grounds cannot provide him with habeas relief"); *In re Caterbone*, Civ. A. No. 20-6587, ECF No. 8 (E.D. Pa. Mar. 30, 2020) (dismissed for failure to prosecute).  Moreover, Caterbone exhibits a pattern of continuing to email voluminous papers to the Clerk of Court that contain no caption or are captioned for cases that have already been dismissed.  *See e.g., Caterbone v. Lancaster Cty. Ct. of Common Pleas*, Civ. A. No. 20-1951 (E.D. Pa.) (listing 27 post-dismissal exhibits and other papers emailed by Caterbone and filed by the Clerk of Court). While it may take Caterbone a single keystroke to email his documents to the Clerk of Court, because under Rule 5(d) of the Federal Rules of Civil Procedure the Clerk must not refuse to file a paper solely because it fails to comply with the Federal Rules, administrative and judicial resources must be devoted to processing his submissions.  Accordingly, if this litigation activity persists, the Court may consider initiating the process of imposing a pre-filing injunction on Caterbone pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to enjoin this "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).

## IV.   CONCLUSION

For the reasons stated, this case is dismissed as frivolous.  Caterbone's motion for a preliminary injunction is denied since he cannot show likely success on the merits of frivolous claims.[8]  His motion for summary judgment will also be denied since the case is subject to

---

[8] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

dismissal.  No leave to amend will be granted.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile.").  An appropriate Order follows.

                                      **BY THE COURT:**

                                      <u>/s/ Jeffrey L. Schmehl</u>
                                      **JEFFREY L. SCHMEHL, J.**

---

the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).